KATE HERBERT KELLY v. BRIDGET DOLAN ET AL.

Argued June 4, 1901—Decided November 11, 1901.

Proceedings taken under the provisions of an act to enable small land-owners to drain and improve their lands, approved March 28th, 1883 (*Gen. Stat., p.* 2059, § 163), cannot be attacked collaterally, the appointment under the act having been duly made.

On *certiorari* to review action of drainage commissioners.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutrix, *John W. Herbert.*

For the defendants, *Michael J. Tansey.*

The opinion of the court was delivered by

VAN SYCKEL, J. This *certiorari* is prosecuted to review the action of commissioners appointed under the provisions of an "Act to enable small landowners to drain and improve their lands," approved March 28th, 1883. *Gen. Stat., p.* 2059, § 163.

On the 11th of June, 1900, Bridget Dolan, the defendant in *certiorari,* filed a petition for relief under said act, in pursuance of which a chosen freeholder and surveyor of the highways were appointed and made their certificate in accordance with the requirements of said act on the 7th day of July, 1900.

Bridget Dolan, being dissatisfied with the finding of the freeholder and surveyors of the highways, took no proceeding to set aside their action, but on the 13th day of August, 1900, filed a new petition under said act, and had another chosen freeholder and two other surveyors of the highways to act upon her petition and view the premises. Their report, bearing date August 25th, 1900, is satisfactory to Bridget Dolan, but the legality of the second proceeding is denied by the

prosecutrix, who has certified it into this court to have that question settled.

The statute provides that the decision of the tribunal appointed under the act shall be final and conclusive, and such must be the effect given to the action of the officers appointed under the first petition, such appointment having been duly made. *Stout* v. *Chosen Freeholders,* 1 *Dutcher* 202; *Aldridge* v. *Essex Road Board,* 22 *Vroom* 166; *In matter of Highway,* 1 *Harr.* 391.

The defendant contends that the persons appointed under the first petition were not disinterested, and therefore that proceeding was no bar to the second proceeding.

The evidence does not establish this infirmity in the first proceeding, but if it did, it cannot be set up in a collateral attack upon it. Its validity can be questioned only by certifying it into this court for review.

The proceedings certified were taken without legal authority, and must be set aside, with costs. They could not be lawfully instituted until the first proceeding was set aside.

There was no laches on the part of the prosecutrix in this case, as she gave full notice to the defendant that she would contest the validity of her proceeding.